E-filing

FILED
OCT 11 2006

ADR

James P. Garrett, Esq.
Law Offices of James P. Garrett
814 59th Street
Oakland, CA 94608
(510) 282-1444

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Marilyn Varnado,

    Plaintiff,

vs.

ABM Industries, Inc. Catherine Beadel

and DOES 1-50 Inclusive,

    Defendant

Case No.: C06-06351 SI

EMPLOYMENT DISCRIMINATION COMPLAINT

1. Plaintiff resides at:

   Address:              34 Oak Hill Circle

   City, State & Zip Code:    Oakland, CA 94605

   Telephone:          (510) 562-1521

2. Defendant is located at:

   Address:              160 Pacific Avenue

   City, State & Zip Code:    San Francisco, CA 94111

3. This action brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sough under 42 U.S.C. Section 2000e-5(g).

4. The acts complained of in this suit concern

   a. __ Failure to employ me.

1

1    b. ✓ Termination of my employment

2    c. __ Failure to promote me.

3    d. ✓ Other acts as specified below.

4  5. Defendants created a hostile work environment. This course of conduct manifested
5     itself in verbal abuse as well as fraudulent representations regarding pay and
6     promotional opportunities. On or about July 14, 2006, Plaintiff was issued a
7     right to sue letter by the Equal Employment Opportunity Commission after she had
8     alleged that the Defendants discriminated against her race, age, and sex (see
9     Exhibit 1 hereto).

10 6. Plaintiff has exhausted all administrative remedies available to her. Plaintiff
11    is thus entitles to recover damages in the amount according to proof. Again and
12    again during her employment, Plaintiff was told by her superiors that she was
13    doing a satisfactory job. As a result of the above representations, Plaintiff
14    came reasonably to expect and rely on the promise of job security. Plaintiff in
15    good faith relied upon these representations and believed them to be true. As
16    independent consideration for this contract, in addition to performing her
17    regular duties as an employee of Defendant, Plaintiff refrained from seeking any
18    other employment and from time to time turned down, gave up, and refrained from
19    pursuing other career opportunities.

20 7. As a proximate result of Defendants breach of the total employment contract,
21    Plaintiff has suffered and continues to suffer substantial losses in earnings,
22    bonuses, deferred compensation, and other employment benefits which she would
23    have received had the Defendant not breached the said agreement, plus expenses
24    incurred in obtaining substitute employment added to her damages in the amount
25    according to proof.

26 8. The actions on the part of Dependants were made pursuant to a joint design,
27    scheme and conspiracy to deprive Plaintiff of her employment with ABM
28    Industries. Defendants, and each of them, did the acts herein alleged

maliciously, fraudulently and oppressively, with wrongful intent to injure Plaintiff from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts alleged herein were known to, authorized and ratified by Defendants. Plaintiff is thus entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

9. Defendant's conduct is discriminatory with respect to the following:

   a. ✓ My race or color.

   b. _ My religion.

   c. ✓ My sex.

   d. _ My national origin.

   e. ✓ Other as specified below.

   Age

10. The basic facts surrounding my claim of discrimination are: Plaintiff's personal statement: I began to work for Respondent on March 9, 2006 as PMO Director. I was not provided with an office although all male managers had one. I also never received any benefits, although the offer letter promised them to me based on my job title. I am aware of several white male coworkers received benefits, such as parking which was denied me. In March 2006, Matthew Patee (white male under 40 years old) and Cindy Belmonte (female under 40 years old) were assigned to work as PMO Managers reporting to me. I had not input in the selection and later learned neither had a relevant skills or work experience to perform the job duties.

11. My manager, Catherine Beadel instructed me to develop job descriptions for these direct reports and document their performance. I was not told that both had been poor performers and had been problem employees. From March to May 2006, I was harassed by Gary Gustafson who had filled the position prior to my employment in the form of public criticism and unsupportive comments. Throughout my

employment, I complained to Human Resources, Ms Hollander and Catherine Beadel of the apparent disparate treatment, harassment, and discrimination. There was never any action taken as a result of my complaints. On May 12, 2006 I was discharged.

12. Respondent's stated reason for not providing me an office that one was not available; however, there were several empty. Respondent's stated reason for my discharge was that I was not a good fit.

13. The alleged discrimination occurred on or about March 2006 to May 2006.

14. I filed charges with the Federal Equal Employment Opportunity Commission (or the California Department of Fair employment and Housing) regarding defendant's alleged discriminatory conduct on or about June 16, 2006.

15. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (see attached) which was received by me on or about July 14, 2006.

16. Plaintiff hereby demands a jury for all claims for which a jury is permitted:
Yes _____ No __✓__

17. WHEREFORE, Plaintiff prays that that Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees.

DATED: October 11, 2006

*[signature]*

Attorney for Plaintiff

Marilyn Varnado

4

STATE OF CALIFORNIA - State and Consumer Services Agency                                    ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ H  1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ C  1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☐ S/T  611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-8799

☐ M  1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ E  2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

☐ D  1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☒ A  San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ G  111 North Market Street, Suite 810
San Jose, CA 95113
(408) 277-1277

☐ K  2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

Date: July 10, 2006

Case Name: MARILYN D. VARNADO
vs. AMERICAN BUSINESS MAINTENANCE

EEOC No: 550-2006-01166

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

DFEH-200-02 (07/05)